# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Clear Channel Outdoor, Inc.,                 Civil No. 06-3304 (DWF/AJB)
a Delaware corporation,

           Plaintiff,

v.                                                *NUNC PRO TUNC* **ORDER**

The City of Saint Paul,

           Defendant.

---

Marvin A. Liszt, Esq., Bernick, Lifson, Greenstein, Greene & Listz, P.A., counsel for Plaintiff.

Lawrence J. Hayes, Jr., Assistant City Attorney, Office of the City Attorney, counsel for Defendant.

---

On May 21, 2010, the United States Court of Appeals for the Eighth Circuit entered an Order stating, "[b]ecause the record is not clear about the finality of the district court's decision, we remand this case to the district court for the limited purpose of considering whether to enter an order pursuant to Federal Rule of Civil Procedure 54(b) on a *nunc pro tunc* basis." (Doc. No. 81 at 2.) On June 29, 2010, the Court ordered the parties to submit letter briefs in response to the May 21, 2010 Order. (Doc. No. 82.) Clear Channel Outdoor, Inc. ("Clear Channel") did so on July 13, 2010, and the City of Saint Paul (the "City") responded on July 27, 2010. (Doc. Nos. 83 and 84.)

Rule 54 provides, in relevant part:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In deciding whether to certify a judgment under Rule 54(b), the Court must determine that the judgment is final and "whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

The Court, Clear Channel, and the City agree that Rule 54(b) certification is proper. First, there is no dispute that this Court's conclusion on June 15, 2009 that the City's enactment of Code § 64.301(a) was arbitrary and capricious was a final judgment. Second, when determining whether there is no just reason for delay, a court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008). Here, given that the parties have fully briefed and argued the City's appeal to the United States Court of Appeals for the Eighth Circuit, both judicial economy and the parties' interests are served by certification.

Therefore, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Having concluded that this Court's June 15, 2009 Order was a final order and that there be no just reason for delay, the Court directs the Clerk of Court to enter judgment on a *nunc pro tunc* basis on Count 1 of the Complaint.

2. Pursuant to the May 21, 2010 Order of the United States Court of Appeals for the Eighth Circuit, the Clerk of Court shall notify the Clerk of Court for the United States Court of Appeals for the Eighth Circuit of this Order so that the panel assigned to this case receives immediate notice of this Order.

3. Within thirty (30) days after the United States Court of Appeals for the Eighth Circuit issues a decision on the City's appeal, Clear Channel and the City are directed to meet and confer and to submit a joint letter brief outlining the next steps to be taken in this matter with respect to Count II.

**LET JUDGMENT BE ENTERED ACCORDINGLY WITH RESPECT TO COUNT ONE ONLY.**

Dated: August 4, 2010         s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge